1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MONSURU WOLE SHO,                                No.  2:21-cv-00654 AC

12                  Petitioner,

13        v.                                          ORDER AND FINDINGS AND
                                                     RECOMMENDATIONS
14   U.S. IMMIGRATION AND CUSTOMS
     ENFORCEMENT, et al.,
15
                    Respondents.
16

17

18          Petitioner has filed an emergency motion to be released from ICE detention.  ECF No. 1.

19   Because this court lacks jurisdiction over the subject matter, it is recommended that the petition

20   be dismissed.

21          According to the petition and its attachments, Mr. Sho is a citizen of Nigeria who was

22   granted asylum in 2011.  In 2019, he was convicted in Orange County of multiple felonies and

23   sentenced to a three-year term in state prison.  Petitioner's attempts to withdraw his guilty pleas

24   were unsuccessful.  Because of his criminal convictions, petitioner's asylum status was recently

25   revoked.  The most recent hearing in his immigration case was held on April 1, 2021 in Van

26   Nuys; the next hearing is scheduled for April 15.  Petitioner alleges that if returned to Nigeria he

27   will be imprisoned or killed because of his sexual orientation.  He further alleges that he suffers

28   from a plethora of medical problems.

                                                 1

Whether the emergency motion is construed as a habeas petition under 28 U.S.C. § 2241 or a request for relief under the All Writs Act, 28 U.S.C. § 1651(a), this court may not entertain it. Petitioner is in ICE custody following a decision of the Attorney General to seek his removal. The Attorney General and Secretary of Homeland Security share authority over detention decisions pending removal proceedings.  See 8 U.S.C. § 1226(a); §§ 1103 (a), (g)(2).  Review is available before a U.S. Immigration Judge.  See 8 C.F.R. § 1236.1(d)(1); 8 C.F.R. § 1003.19(d). Detention is mandatory in some circumstances following criminal conviction, see 8 U.S.C. § 1226(c), and deportable non-citizens who have been convicted of crimes do not enjoy a fundamental right to be free from detention pending removal proceedings.  See Alikhani v. Fasano, 70 F. Supp. 2d 1124, 1133 (S.D. Cal. 1999).  In any case, petitioner here does not purport to challenge the denial of bond and does not seek a bond hearing.  Instead, he plainly seeks relief from the pending removal proceedings themselves.

The immigration courts have exclusive original jurisdiction over individual applications for asylum and relief from removal, and the district courts have no authority to review the merits of individual asylum claims, review removal proceedings, or determine the legitimacy of any orders of removal.  See 8 U.S.C. § 1252(a)(2)(A), (B); § 1252(g); see also Momeni v. Chertoff, 522 F.3d 1094, 1095-96 (9th Cir. 2008).  Removal orders affecting persons convicted of crimes are specifically excluded from the jurisdiction of the district court.  8 U.S.C. § 1252(a)(2)(C). These several statutory limitations on judicial review, by their express language, override any assertion of the district courts' habeas jurisdiction.  8 U.S.C. § 1252(a)(2)(A), (B) & (C). Removal proceedings are ongoing here.  The immigration court has exclusive jurisdiction, and this court has no authority to interfere.

District courts do maintain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are independent of the merits of the removal matter. Singh v. Holder, 638 F.3d 1196, 1211-12 (9th Cir. 2011).  Here, however, petitioner's only theory for the unlawfulness of his custody is that his asylum should not have been revoked and he should not be removed because he withdrew his guilty pleas in the criminal case and will be subject to

////

2

1  persecution if returned to Nigeria.  There are no grounds for habeas relief presented here that are

2  independent of the propriety of removal.[1]

3   Although petitioner alleges that his asylum has already been revoked, immigration

4  proceedings have not concluded and he may yet be eligible for withholding of removal upon a

5  showing that his return to Nigeria would risk his safety or his life.[2]  In any event, that is a

6  question for the immigration courts.  Petitioner is represented by counsel in his immigration case,

7  and that system includes a review process.  See 8 U.S.C. §§ 1252(a)(5), (b)(9); see also J.E.F.M.

8  v. Lynch, 837 F.3d 1026, 1031 (9th Cir. 2016) (any issue arising from any removal-related

9  activity can be reviewed only through the petition for review process created by statute).  There is

10  no role for this court in the determination of petitioner's immigration status.

11   Accordingly, it is HEREBY ORDERED that the Clerk of Court randomly assign a district

12  judge to this case.

13   It is FURTHER RECOMMENDED that the Emergency Motion for Release from ICE

14  Detention be dismissed for lack of jurisdiction.

15   These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

20  he shall also address whether a certificate of appealability should issue and, if so, why and as to

21  which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed

22  within fourteen days after service of the objections.  The parties are advised that failure to file

23

24  [1] Petitioner's assertion of various medical problems does not support habeas relief because it
does not implicate the lawfulness of his detention.  At most, the petition suggests grievances
25  related to the conditions of petitioner's confinement, which may not be addressed in habeas.  See
generally, Preiser v. Rodriguez, 411 U.S. 475, 484-486 (1973) (conditions of confinement claims
26  should proceed in civil rights cases, in which the remedy is correction of the constitutional
27  deficiency rather than release).
[2] Withholding of removal may be available under section 241(b)(3) of the Immigration and
28  Nationality Act and/or Article III of the Convention Against Torture.

1   objections within the specified time may waive the right to appeal the District Court's order.

2   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: April 14, 2021

4

5   ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28