UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MONSURU WOLE SHO,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Respondents.

No. 2:21-cv-00654-TLN-AC

**ORDER**

Petitioner Monsuru Wole Sho ("Petitioner"), an inmate in federal custody proceeding *pro se*, has filed an Emergency Motion for Release from ICE Detention, which the court has construed as an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (*See generally* ECF Nos. 1, 4.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 14, 2021, the magistrate judge issued findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. (ECF No. 4.) On April 26, 2021, Petitioner filed Objections to Magistrate Judge's Findings and Recommendations (ECF No. 6), which have been considered by the Court.

///

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this Court has conducted a *de novo* review of this case. *See McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). Having reviewed the file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the Court has considered whether to issue a certificate of appealability. Before Petitioner can appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. *See* Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)). For the reasons set forth in the Findings and Recommendations (ECF No. 4), the Court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued April 14, 2021 (ECF No. 4), are ADOPTED IN FULL;

2. Plaintiff's Emergency Motion for Release from ICE Detention (ECF No. 1) is DISMISSED for lack of jurisdiction;

3. The Court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: May 20, 2021

　　　　　　　　　　　　　　　　　Troy L. Nunley
　　　　　　　　　　　　　　　　　United States District Judge